IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA TITLE INSURANCE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS<br>_____/ | No. 08-01341 JSW<br><br>**ORDER GRANTING MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL** |

Now before the Court for consideration is the Motion for Appointment of Interim Lead Class Counsel filed by Plaintiffs. By their motion, Plaintiffs ask this Court to appoint the law firms of Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), Girard Gibbs LLP ("Girard Gibbs"), and Saveri & Saveri, Inc. ("Saveri & Saveri") as co-lead interim class counsel in this consolidated putative class action.

Having considered the Plaintiffs' papers, the lack of opposition thereto, relevant legal authority, and the record in this case, the Court HEREBY VACATES the hearing set for November 14, 2008, and GRANTS the motion.

**BACKGROUND**

As set forth in Plaintiffs' motion, Plaintiffs have alleged that Defendants "violated the federal antitrust laws and California statutory law by unlawfully combining and conspiring to pay for title insurance in California." (Mot. at 3:11-12.) There are eleven actions currently pending before this Court, which have been consolidated, and there are similar cases pending throughout the country.

Although Plaintiffs have not yet filed a motion to certify the class, they now seek appointment of interim co-lead class counsel.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 23(g)(2), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." In this case, there are three applicants for co-class counsel, and no competing applicants. When appointing interim class counsel, a court must find that the applicant is adequate under Rule 23(g)(1)(B) and (C). Rule 23(g)(1)(B), in turn, requires that "[a]n attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." Rule 23(g)(1)(C), requires that:

> (i) the court must consider:
> - the work counsel has done in identifying or investigating potential claims in the action,
> - counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
> - counsel's knowledge of the applicable law, and
> - the resources counsel will commit to representing the class;
>
> (ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>
> (iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and
>
> (iv) may make further orders in connection with the appointment.

Based on the declarations presented to the Court in connection with this motion, the Court finds that Hagens Berman, Girard Gibbs, and Saveri & Saveri are adequate under Rule 23(g)(1)(B) and (C).

Therefore, the Court HEREBY ORDERS as follows:

1. Pursuant to Rule 23(g)(2)(A), the following are appointed as interim Co-Lead Interim Class Counsel:

**Hagens Berman Sobol Shapiro LLP**, 715 Hearst Avenue, Suite 202, Berkeley, CA 94710; Telephone: 510-725-3000; Facsimile: 510-725-3001 **and** 1301 Fifth Avenue, Suite 2900, Seattle, WA, 98101; Telephone: 206-623-7292; Facsimile: 206-623-0594

**Girard Gibbs LLP**, 601 California Street, 14th Floor, San Francisco, CA 94108; Telephone: 415-981-4800; Facsimile: 415-981-4846

**Saveri & Saveri, Inc.,** 111 Pine Street, Suite 1700, San Francisco, CA 94111;

Telephone: 415-217-6810; Facsimile: 415-217-6813

2. Co-Lead Interim Class Counsel in the Consolidated Action shall have authority over the following matters on behalf of all plaintiffs: (a) convening meetings of counsel working for the class; (b) initiating, responding to, scheduling, briefing and arguing of all motions; (c) determining the scope, order and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel as they may deem appropriate; (e) retaining experts; (f) designating which attorneys appear at the hearings and conferences with the Court; (g) conducting settlement negotiations with defendants; and (h) other matters concerning the prosecution of or resolution of their respective cases.

3. All Plaintiffs' counsel shall keep contemporaneous time and expense records, and shall provide such records upon request to Co-Lead Interim Class Counsel.

4. Co-Lead Interim Class Counsel shall have authority to communicate with Defendants' counsel and the Court on behalf of the putative class. Defendants' counsel may rely on all agreements made with Co-Lead Interim Class Counsel, and such agreements shall be binding.

5. Co-Lead Interim Class Counsel in the Consolidated Action also is charged with administrative matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and advising parties of developments in the case.

6. Co-Lead Interim Class Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

**IT IS SO ORDERED.**

Dated: November 3, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE