IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA TITLE INSURANCE ANTITRUST LITIGATION | No. 08-01341 JSW |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 30, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively grants** the motions to dismiss the parent corporations, and **tentatively grants the motion to dismiss the Sherman Act and Cartwright Act claims and grants in part the** motion to dismiss the Section 17200 claim. The Court **reserves** issuing a tentative ruling on whether Plaintiffs shall be given leave to amend.

The parties each shall have fifteen (15) minutes to address the following questions:

1. a. In light of the fact that the Court must accept the allegations in the Second Amended Consolidated Class Action Complaint ("SACC") as true, what is the parent corporations' best argument that the allegations in paragraph 67, regarding the findings by the California Insurance Commissioner, are not sufficient to provide factual support for Plaintiffs' allegations that they have stated a claim against the parent corporations based on either an agency or an alter-ego theory?

   b. Plaintiffs do not include any of the factual bases supporting the report's conclusions. Why should the Court not treat the allegations in paragraph 67 as a bare legal conclusion, which it is not required to accept as true?

2. a. If the Court stands by its tentative ruling on the Sherman Act and Cartwright Act claims, *i.e.* it concludes that Plaintiffs have not alleged sufficient facts to state a claim demonstrating a conspiracy among the Defendants, do Plaintiffs agree that they would only have standing to pursue a Section 17200 claim against those defendants from whom they purchased title insurance? If not, on what basis to Plaintiffs contend they have standing?

   b. How do Plaintiffs distinguish *Schulz v. Neovi Data Corp.*, 152 Cal. App. 4th 86 (2007), in which the court concluded that although the plaintiff may have set forth facts to state a claim under Section 17200 based upon liability for aiding and abetting, he did not have standing to pursue the claim against a certain defendant, because he did not use that defendant's services?

   c. Plaintiffs allege that they have paid more for title insurance than they would have but for Defendants' allegedly wrongful conduct. Further, Plaintiffs allege that they have paid more for title insurance based, in part, on the fact that Defendants improperly include the cost of kickbacks and commissions in the cost of the premium. In light of those facts, what is Plaintiffs' best argument that their Section 17200 claims are not related to rate setting?

3. What additional factual allegations, if any, would Plaintiffs seek to add to an amended complaint?

4. Are there any other issues the parties wish to address?

Dated: October 29, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2