IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE CALIFORNIA TITLE INSURANCE
ANTITRUST LITIGATION

No. 08-01341 JSW

**ORDER GRANTING
DEFENDANTS' JOINT MOTION
FOR CERTIFICATION OF
INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)
AND FOR A STAY OF
PROCEEDINGS**

THIS DOCUMENT RELATES TO ALL
ACTIONS

_____/

Now before the Court for consideration is Defendants' Joint Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for a Stay of Proceedings. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and concludes that the matter is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, Defendants' motion is GRANTED, and this matter is STAYED.

On November 6, 2009, the Court issued an order granting in part and denying in part Defendants' Joint Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("SAC"). In that Order, the Court denied, in part, Defendants' motion to dismiss Plaintiffs' claim for relief under California Business and Professions Code § 17200 and rejected Defendants' argument that such a claim was not preempted by California Insurance Code § 12414.26. (*See* Docket 144 (Nov. 6, 2009 Order at 12:10-13:5).) Defendants now move to certify that ruling for interlocutory appeal.

//

Pursuant to 28 U.S.C. § 1292(b), the Court has discretion to certify an interlocutory order for appeal when (1) the order involves a controlling issue of law; (2) there is substantial ground for differences of opinion as to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certification for interlocutory appeal should be applied sparingly and only granted in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *See, e.g., Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Coopers & Lybrand*, 437 U.S. at 475. A court has substantial discretion to decide whether to grant a motion for certification. *Valdovinos v. McGrath*, 2007 WL 2023505 at *2 (N.D. Cal. July 12, 2007) (citing *Brown v. Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996)). The Court concludes that Defendants have met their burden.

First, although Plaintiffs argue to the contrary, Defendants have identified a controlling issue of law. Specifically, whether, properly interpreted, California Insurance Code § 12414.26 preempts Plaintiffs Section 17200 claim. Although resolution of that question may require an examination of the factual allegations set forth in the SAC, it is a purely legal issue.

Second, there must be a substantial ground for difference of opinion on the issue. 28 U.S.C. § 1292(b). "A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing." *Valdovinos*, 2007 WL 2023505 at *2 (citing *Mateo v. M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992)). There is dearth of precedent on the legal issue presented to the Court on the motion to dismiss Plaintiffs' Section 17200 claims. In light of the lack of precedent bearing on the issue, the Court concludes that Defendants have shown a substantial ground for a difference of opinion exists. *See In re Cintas Corp. Overtime Pay Arb. Litig.*, 2007 WL 1302496 at *2 (N.D. Cal. May 2, 2007) (citing *APPC Servs., Inc. v. AT&T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003).

Third, an interlocutory appeal must be likely to advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Whether an appeal may materially advance the termination of the litigation is "linked to whether an issue of law is 'controlling' in that the court should consider the effect of a reversal by the Ninth Circuit on the management of the case." *Valdovinos*, 2007 WL 2023505 at *2 (citing *Mateo*, 805 F. Supp. at 800). In this case, the Section 17200 claim is the only claim pending against the remaining Defendants. Moreover, as set forth above, if Plaintiffs' claims are preempted by Section 12414.26, such a ruling would effectively resolve this litigation. Therefore, the Court concludes that Defendants also have met their burden to show that an interlocutory appeal is likely to advance the ultimate termination of the litigation.

Accordingly, the Court, in its discretion GRANTS Defendants' motion for certification pursuant to 28 U.S.C. § 1292(b), AMENDS the Order dated November 6, 2009 to certify it for interlocutory appeal, and STAYS this matter pending a decision by the Ninth Circuit as to whether it will hear an interlocutory appeal and, if it accepts the appeal, pending resolution of that appeal. The parties shall update the Court by joint submission within five court days of resolution of the appeal, or every 120 days, whichever is sooner.

**IT IS SO ORDERED.**

Dated: March 3, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE