UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CALIFORNIA TITLE INSURANCE ANTITRUST LITIGATION | File No: 08-CV-1341-JSW |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | STIPULATED [PROPOSED] PROTECTIVE ORDER |

### 1.   **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of trade secrets or other confidential research, developments, or commercial information, within the meaning of Rule 26(c), or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal, and is hereby incorporated by reference.

### 2.   **DEFINITIONS**

2.1   Party: any party to this action, including all of its officers, directors, employees,

1    consultants, retained experts, and outside counsel (and their support staff).

2        2.2    Disclosure or Discovery Material:  all items or information, regardless of the medium or

3    manner generated, stored, or maintained (including, among other things, documents, testimony,

4    transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery

5    in this matter.

6        2.3    Confidential Information or Items:  information (regardless of how generated, stored, or

7    maintained) or tangible things that qualify for protection under standards developed under Rule 26(c).

8        2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive

9    Confidential Information or Items whose disclosure to another Party or non-party would create a

10   substantial risk of serious injury that could not be avoided by less restrictive means.

11       2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

12   Producing Party.

13       2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery Materials

14   in this action.

15       2.7    Designating Party:  a Party or non-party that designates information or items that it

16   produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential –

17   Attorneys' Eyes Only."

18       2.8    Protected Material:  any Disclosure or Discovery Material that is designated as

19   "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

20       2.9    Outside Counsel:  attorneys who are not employees of a Party but who are retained to

21   represent or advise a Party in this action.

22       2.10   In House Legal Personnel:  attorneys and other personnel who are employed by a Party

23   to perform legal functions and who are responsible for overseeing this litigation for the Party.

24       2.11   Counsel (without qualifier): Outside Counsel and In House Legal Personnel (as well as

25   their support staffs, including attorneys, paralegals, secretaries, law clerks, and investigators).

26       2.12   Expert and/or Consultant:  a person with specialized knowledge or experience in a matter

27   pertinent to the litigation, along with his or her employees and support personnel, who has been

28   retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, and

1    who is not currently an employee, nor has been an employee within four years of the date of entry of

2    this order, or who, at the time of retention, is not anticipated to become an employee of a Party or a

3    competitor of a Party.  This definition includes a professional jury or trial consultant retained in

4    connection with this litigation

5        2.13  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*,

6    photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

7    retrieving data in any form or medium; etc.) and their employees and subcontractors.

8    **3.    SCOPE**

9        The protections conferred by this Stipulation and Protective Order cover not only Protected

10   Material (as defined above), but also any information copied or extracted therefrom, as well as all

11   copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations

12   by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

13   However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy

14   their own attorney work product, or the work product of their co-counsel.

15   **4.    DURATION**

16       Even after the termination of this litigation, the confidentiality obligations imposed by this

17   Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court orders

18   otherwise.

19   **5.    DESIGNATING PROTECTED MATERIAL**

20       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or

21   non-party that designates information or items for protection under this Order must take care to limit

22   any such designation to specific material that qualifies under the appropriate standards.  A

23   Designating Party must take care to designate for protection only those parts of material, documents,

24   item, or oral or written communications that qualify – so that other portions of material, documents,

25   items or communications for which protection is not warranted are not swept unjustifiably within the

26   ambit of this Order.

27       5.2    <u>Mass, indiscriminate, or routine designations are prohibited</u>.  Designations that are

28   shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily

STIPULATED PROTECTIVE ORDER
CASE NO. 08-CV-1341 JSW

1   encumber or retard the case development process, or to impose unnecessary expenses and burdens on

2   other parties), expose the Designating Party to sanctions.

3        If it comes to a Party's or a non-party's attention that information or items that it designated

4   for protection do not qualify for protection at all, or do not qualify for the level of protection initially

5   asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

6   mistaken designation.

7        Mistakes in designation, absent an improper motive, shall not expose the Designating Party to

8   sanctions.

9        5.3   Manner and Timing of Designations. Except as otherwise provided in this Order (*see,*

10   *e.g.*, second paragraph of 5.3(a) below), or as otherwise stipulated or ordered, material that qualifies

11   for protection under this Order must be clearly so designated before the material is disclosed or

12   produced.

13        Designation in conformity with this Order requires:

14        (a)  for information in documentary form (apart from transcripts of depositions or other

15   pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" or

16   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of every page of each

17   document that contains protected material.  If only a portion of a document qualifies for protection,

18   the Designating Party shall designate only the pages which contain such material and must specify, for

19   each page, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

20   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

21        A Party or non-party that makes original documents or materials available for inspection need

22   not designate them for protection until after the inspecting Party has indicated which material it would

23   like copied and produced.  During the inspection and before the designation, all of the material made

24   available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25   ONLY."  After the Receiving Party has identified the documents it wants copied and produced, the

26   Designating Party must determine which documents, or pages thereof, qualify for protection under

27   this Order, then, before producing the specified documents, the Designating Party must affix the

28   appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

STIPULATED PROTECTIVE ORDER
CASE NO. 08-CV-1341 JSW

ONLY") at the bottom of each page of the document that contains Protected Material. If only a portion of a document qualifies for protection, the Designating Party shall designate only the pages which contain such material and must specify, for each page, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given during a deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," either on the record before the close of the deposition or other pretrial or trial proceeding, or in writing on or before the later of (i) 14 days after the final transcript is received, or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Rule 30(e). Only those portions of the testimony that are appropriately designated for protection within the prescribed period shall be covered by the provisions of this Stipulated Protective Order. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" except as ordered by the Court.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Designating Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in electronic or video format, and for any other tangible items, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.4    Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by notifying the Designating Party in writing, by telephone, or in person of its challenge and identify the challenged material. The Parties must then meet and confer in good faith. In conferring, each Party must explain the basis for its respective positions about the propriety of the challenged confidentiality designations. The Parties have 14 days from the initial notification of a challenge to complete this meet and confer process.

Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the

STIPULATED PROTECTIVE ORDER
CASE NO. 08-CV-1341 JSW

1 | level of protection to which it is entitled under the Producing Party's designation.

2 |     In the event the final ruling is that the challenged material is not confidential or that its

3 | designation should not be changed, the Designating Party shall, at the expense of the Designating

4 | Party, reproduce copies of all materials with their designations removed or changed in accordance

5 | with the ruling, within 10 days of the ruling, or within such other time period as the court may order.

6 | **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7 |     7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

8 | produced by another Party or by a non-party in connection with this case only for prosecuting,

9 | defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

10 | categories of persons and under the conditions described in this Order. When the litigation has been

11 | terminated, a Receiving Party must comply with the provisions of Section 11 (FINAL

12 | DISPOSITION), below.

13 |     Protected Material must be stored and maintained by a Receiving Party at a location and in a

14 | secure manner that ensures that access is limited to the persons authorized under this Order.

15 |     7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

16 | the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

17 | information or item designated CONFIDENTIAL only to:

18 |     (a) the Receiving Party's Outside Counsel of record in this action, as well as

19 | employees of said Counsel to whom it is reasonably necessary to disclose the information for this

20 | litigation and who have signed the "Acknowledgment And Agreement To Be Bound" that is attached

21 | here as Exhibit A;

22 |     (b) the current or former officers, directors, and employees (including In House Legal

23 | Personnel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and

24 | who have signed the "Acknowledgment And Agreement To Be Bound" (Exhibit A);

25 |     (c) Experts and/or Consultants (as defined in this Order) of the Receiving Party to

26 | whom disclosure is reasonably necessary for this litigation and who have signed the

27 | "Acknowledgment And Agreement To Be Bound" (Exhibit A);

28 |     (d) the Court and its personnel;

1   (e)  court reporters, their staffs, and professional vendors to whom disclosure is

2   reasonably necessary for this litigation;

3   (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

4   necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

5   Material must be separately bound by the court reporter and my not be disclosed to anyone except as

6   permitted under this Stipulated Protective Order;

7   (g)  the author, addressees, or recipients of the document, or any other natural person

8   who would have likely reviewed such document during his or her employment as a result of the

9   substantive nature of his or her employment position, or who is specifically identified in the

10   document, or whose conduct is purported to be specifically identified in the document;

11   (h)  any other person to whom the Designating Party agrees in writing or on the record,

12   and any other person as may be ordered by the Court.

13   7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14   Information or Items.  Unless otherwise permitted by the Court or permitted in writing by the

15   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

17   (a)  the Receiving Party's Outside Counsel of record in this action, as well as

18   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

19   litigation and who have signed the "Acknowledgment And Agreement To Be Bound" (Exhibit A);

20   (b)  Experts and/or Consultants (as defined in this Order) subject to paragraph 7.4, (1)

21   to whom disclosure is reasonably necessary for this litigation, and (2) who signed the

22   "Acknowledgment And Agreement To Be Bound" (Exhibit A);

23   (c)  the Court and its personnel;

24   (d)  court reporters, their staffs, and professional vendors to whom disclosure is

25   reasonably necessary for this litigation;

26   (e)  the author, addressees, or recipients of the document, or any other natural person

27   who would have likely reviewed such document during his or her employment as a result of the

28   substantive nature of his or her employment position, or who is specifically identified in the

8

1   document, or whose conduct is purported to be specifically identified in the document, or who was

2   otherwise the original source of the information contained in the document; and

3          (f)  any other person to whom the Designating Party agrees in writing or on the record,

4   and any other person as may be ordered by the Court.

5          7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

6   ATTORNEYS' EYES ONLY" Information or Items to "Experts".

7          (a)  Unless otherwise ordered by the Court or agreed in writing by the Designating

8   Party, a Party that seeks to disclose to an "Expert and/or Consultant" (as defined in this Order) any

9   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10  ONLY" first must make a written request to the Designating Party that (1) identifies the specific

11  HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the

12  Expert and/or Consultant, (2) sets forth the full name of the Expert and/or Consultant and the city and

13  state of his or her primary residence, (3) attaches a copy of the Expert's and/or Consultant's current

14  resume, (4) identifies the Expert's and/or Consultant's current employer(s), (5)  identifies each person

15  or entity from whom the Expert and/or Consultant has received compensation for work in his or her

16  areas of expertise or to whom the Expert and/or Consultant provided professional services at any time

17  during the preceding five years, and (6) identifies (by name and number of the case, filing date, and

18  location of court) any litigation in connection with which the Expert and/or Consultant has provided

19  any professional services during the preceding five years;

20         (b) A Party that makes a request and provides the information specified in the

21  preceding paragraph may disclose the subject Protected Material to the identified Expert and/or

22  Consultant unless, within seven court days of delivering the request, the Party receives a written

23  objection from the Designating Party.  Any such objection must set forth in detail the grounds on

24  which it is based;

25         (c) A Party that receives a timely written objection must meet and confer with the

26  Designating Party to try to resolve this matter by agreement.  If no agreement is reached, the Party

27  seeking to make the disclosure to the Expert and/or Consultant may file motion as provided in Civil

28  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from

1   the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in

2   detail the reason for which the disclosure to the Expert and/or Consultant is reasonably necessary,

3   assess the risk of harm that the disclosure would entail and suggest any additional means that might be

4   used to reduce that risk.  In addition, any such motion must be accompanied by a competent

5   declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (*i.e.*,

6   to the extent and content of the meet and confer discussions) and sets forth the reasons advanced by

7   the Designating Party for its refusal to approve the disclosure.

8          In any such proceeding the Party opposing the disclosure to the Expert and/or Consultant shall

9   bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

10  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert and/or

11  Consultant.

12         7.5    Retention of Exhibit A.  Outside Counsel for the Party that obtains the signed copies of

13  the "Acknowledgment And Agreement To Be Bound" (Exhibit A), as required above, shall retain

14  them for one year following the final termination of this action, including any appeals.  Said

15  documents shall not be discoverable, except upon agreement of the Parties or by order of the Court

16  upon motion for good cause shown.

17         7.6    Retention of Protected Material.  Persons who have been shown Protected Material

18  pursuant to Section 7.2(b), (f), or (g), or Section 7.3(e) of this Protective Order shall not retain copies

19  of such Protected Material.

20  **8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
        OTHER LITIGATION**

21

22         If a Receiving Party is served with a discovery request, subpoena or an order issued in other

23  litigation that would compel disclosure of any information or items designated in this action as

24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving

25  Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), along

26  with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.

27         The Receiving Party also must immediately inform in writing the Party who caused the

28  discovery request, subpoena or court order to issue in the other litigation that some or all the material

STIPULATED PROTECTIVE ORDER
CASE NO. 08-CV-1341 JSW

1    covered by the discovery request, subpoena or order is the subject of the Protective Order.  In

2    addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the

3    Party in the other action that caused the discovery request, subpoena or order to issue.

4        The purpose of imposing these duties is to alert the interested parties to the existence of this

5    Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to

6    protect its confidentiality interests in the court from which the discovery request, subpoena or order

7    issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that

8    court of its Confidential material or Highly Confidential material.  Nothing in these provisions should

9    be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

10   directive from another court, or as requiring a Receiving Party to resist or oppose disclosure pursuant

11   to such discovery request, subpoena or order.

12   **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

15   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

16   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

17   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

18   request such person or persons to execute the "Acknowledgment And Agreement To Be Bound"

19   attached here as Exhibit A.

20   **10.     FILING PROTECTED MATERIAL**

21       A Party may not file in the public record in this action any Protected Material without written

22   permission from the Designating Party or a court order secured after appropriate notice to all

23   interested persons.  A Party that seeks to file under seal any Protected Material must comply with

24   Civil Local Rule 79-5.

25   **11.     FINAL DISPOSITION**

26       Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the

27   final termination of this action, including any appeals, each Receiving Party must return all Protected

28   Material to the Producing Party.  As used in this subdivision, "Protected Material" includes all copies,

STIPULATED PROTECTIVE ORDER
CASE NO. 08-CV-1341 JSW

1   abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected

2   Material. The Receiving Party may destroy some or all of the Protected Material instead of returning

3   it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

4   certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by

5   the 60 day deadline that identifies (by category, where appropriate) all the Protected Material that was

6   returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

7   compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

8   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

9   papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material

10  contain Protected Material. Any such archival copies that contain or constitute Protected Material

11  remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12      **12.    INADVERTENTLY PRODUCED DOCUMENTS**

13          If a Party claims to have inadvertently or unintentionally produced a privileged document, it

14  shall notify each Party who received the document as soon as practicable after discovering that the

15  document had been produced. Upon receipt of such a notification or inadvertent production, the

16  Receiving party shall either: (a) return the document and all copies of it to the Producing Party or

17  destroy the document and all copies of it within 7 business days, or (b) notify the Producing Party that

18  the Receiving Party disagrees with the assertion of privilege as to such document within 7 business

19  days. If the Receiving Party disputes the claim of privilege as to such document, the Parties shall

20  meet and confer promptly to attempt to resolve the issue and, if no resolution is reached, shall prepare

21  a joint written submission to the Court concerning the dispute, to be submitted within 10 business

22  days after notification that the claim of privilege is being disputed. The Receiving Party disputing the

23  claim of privilege shall retain such document pending resolution of the dispute by the Court, provided,

24  however, that until the dispute is resolved, such document may not be distributed to any other party or

25  used for any other purpose in the litigation.

26      **13.    PUBLICLY KNOWN OR LEGALLY OBTAINED INFORMATION**

27          Nothing in this Order shall be construed (a) as preventing a Party from using or continuing to

28  use any information that is or becomes publicly known other than through this litigation, or (b) as

preventing a Party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or material, the Party claiming that such information or material is or was publicly known or was lawfully obtained through discovery of the Producing Party shall have the burden of proving its claim.

### 14. **ATTORNEY RENDERING ADVICE**

Nothing in this Stipulated Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Disclosure or Discovery Material in rendering such advice, provided, however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Stipulated Protective Order.

### 15. **DISPOSITIVE MOTION HEARINGS AND TRIAL**

The terms of this Stipulated Protective Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial. The Parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

### 16. **MISCELLANEOUS**

16.1    Third Parties. The terms of this Order shall be applicable to any third party that produces information that is designated by such third party as Protected Material. A Party may designate as Protected Material any document or information produced by a third party if that document or information could have been designated by that Party as Protected Material if it had been produced directly by that Party.

16.2    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.3    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

1   information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

2   Party waives any right to object on any ground to use in evidence of any of the material covered by

3   this Protective Order.

4   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6   DATED: September 3, 2010                    /s/  Elizabeth C.Pritzker

7                                               GIRARD GIBBS LLP

8                                               Co-Lead Counsel on Behalf of Attorneys for Plaintiffs

9

10  DATED: September 3, 2010                    /s/  Kevin J. Walsh

11                                              LOCKE LORD BISSELL & LIDDELL LLP

12                                              On Behalf of Attorneys for Defendants

13

14

15  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

16

17  DATED: September 7, 2010

18                                              THE HONORABLE JEFFREY S. WHITE
                                                United States District Judge

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 08-CV-1341 JSW

## EXHIBIT A

## ACKNOWLEGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of

_____ [print or type full address],

declare under penalty of perjury under the laws of the United States of America that I have read and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Northern District of California, San Francisco Division, in the case of *In Re California Title Insurance

Antitrust Litigation,* Civ. No. 08-cv-1341 JSW.

I agree to comply with, and to be bound by, all the terms of the Stipulated Protective Order,

and I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.


Date: _____

City and State (or County) where sworn and signed: _____


Printed name: _____


Signature: _____