UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA TITLE INSURANCE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS<br>_____/ | No. C-08-1341 JSW (EMC)<br><br>**ORDER RE "JOINT REPORT RE DISCOVERY DISPUTE FOLLOWING JANUARY 21, 2011 ORDER"**<br><br>**(Docket Nos. 216, 217)** |

The Joint Report Re Discovery Dispute Following January 21, 2011 Order filed by the parties report substantial progress in resolving the discovery disputes which were the subject of Plaintiffs' Motion to Compel (Docket No. 188). The parties did not, however, and have now reported that they cannot, resolve the dispute concerning the production of documents provided in response to two CDOI examinations that are potentially responsive to Request Nos. 11-13. The issue concerns the applicability of California Insurance Code § 735.5.

Plaintiffs contend that materials submitted in response to an investigation under § 790.04 (part of Article 6.5) – contrast to an examination under Article 4, § 730 – are not protected under § 735.5 and are thus subject to discovery pursuant to a proper court order. In that regard, the Court notes the Government Code § 11181(g), cited by First American, governs conditions under which disclosure may be made to other agencies. It would not appear applicable here. The Court further notes that Insurance Code § 12938, also cited by First American, states that work papers are not required to be disclosed to the public along with adopted reports which are so required; it provides an exception as "otherwise provided by law." The literal terms of this exception would appear to permit a federal court to compel discovery pursuant to such other law – *i.e.* the Federal Rules of

Civil Procedure. On the other hand, First American cites regulations which state that information received even in the context of an investigation for violations of § 790.03 are to be kept confidential under § 735.5 and Government Code §§ 11180 *et seq*. California Code of Regulations, Title 10 Section 2695.1(g). That issue need not be resolved here.

The CDOI examination at issue herein, *In the Matter of the Certificate of Authority of First American Title Ins. Co.*, File No. DISP050466622, was explicitly instituted pursuant to both California Insurance Code §§ 730 and 12414.21, not under Article 6.5. Although reference in the Accusation is made to violations of § 790.03 which perhaps could have been investigated under § 790.04, the Accusation confines the bases of its examination to §§ 730 and 12414.21. Were the examination conducted solely under § 730, § 735.5 would apply and the Court would be inclined to hold that documents provided in response thereto would not be subject to discovery here, consistent with the state court rulings cited by First American. However, the examination is also based on § 12414.21. First American in its papers filed with the Court has not cited any statutory authority for the proposition that materials provided in response to an examination under § 12414.21 must be held confidential, even as against a federal court order. First American does not argue that § 735.5 applies to examination initiated under § 12414.21. It has not pointed to any parallel provision governing Article 5.5 of which § 12414.21 is a part.

The issue then is how materials provided in response to investigations initiated under two different laws, each with different confidentiality provisions, should be treated. In this regard, this case is analogous to the situation in which the Court must determine how to treat dual purpose documents which are created for two purpose (*e.g.* in part for a business purpose and in part in anticipation of litigation), only one of which is privileged (*e.g.* as attorney-work product). The Ninth Circuit has adopted a "but for" test in determining the publication of the privilege to dual purpose documents. In *In re Grand Jury Subpoena, Mark Torf/Torf Envt'l. Mgmt*. (Torf), 357 F.3d 900, 907 (2004), the court held that dual purpose documents are deemed prepared because of litigation (and thus privileged) if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained *because of* the prospect of litigation." *Id*. (emphasis added). In applying the "because of" standard, the Court must

consider the totality of the circumstances and determine whether the "'document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.'" *Id*. at 908 (*quoting United States v. Adlman*, 134 F.3d 1194 (2d Cir. 1998)).

Here, the Accusation was initiated pursuant to two different statutes, only one of which is governed by § 735.5. Having reviewed the Accusation, the Court concludes that it cannot be said that the Accusation would not have been initiated (and hence responsive document submitted) but for the inclusion of Insurance Code § 730 as one of its bases. Section 12414.21 appears in the Accusation with equal prominence. Accordingly, § 735.5 does not bar the documents in question from discovery in the instant case.

Defendants are ordered to produce responsive documents within 21 days from the date of this order.

IT IS SO ORDERED.

Dated: February 8, 2011

EDWARD M. CHEN
United States Magistrate Judge