BARRY R. OSTRAGER (Bar No. 183770)
*bostrager@stblaw.com*
KEVIN J. ARQUIT
*karquit@stblaw.com*
PATRICK T. SHILLING
*pshilling@stblaw.com*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Eric P. Early (CA Bar No. 166275)
Bryan M. Sullivan (CA Bar No. 209743)
EARLY SULLIVAN WRIGHT GIZER &
MCRAE LLP
6420 Wilshire Boulevard, Suite 880
Los Angeles, California 90048
Telephone: (323) 301-4675
Facsimile: (323) 301-4676
eearly@earlysullivan.com
bsullivan@earlysullivan.com

*Attorneys for Defendants Fidelity National
Title Insurance Company, Chicago Title
Insurance Company, and Commonwealth
Land Title Insurance Company*

*Additional Counsel Listed on Signature Pages*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CALIFORNIA TITLE INSURANCE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. CV 08-1341 JSW (EMC)<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY THE CASE PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing:    July 1, 2011<br>Time:        9:00 a.m.<br>Place:       Courtroom 11, 19th Floor<br><br>Hon. Jeffrey S. White |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..................................................................... i

SUMMARY OF ARGUMENT ................................................................................ i

STATEMENT OF THE ISSUE TO BE DECIDED ................................................ i

SUMMARY OF ARGUMENT ............................................................................... 1

STATEMENT OF FACTS ...................................................................................... 2

ARGUMENT .......................................................................................................... 4

    A.    There Is A Strong National Policy Favoring Arbitration ......................... 4

    B.    The Arbitration Agreements Leave The Question Of Validity and Arbitrability To The Arbitrator ................................................................ 5

    C.    The Broad Arbitration Agreements Encompass Plaintiffs' Claims ........ 7

    D.    The Plaintiffs' UCL Injunction Claims Are Arbitrable ......................... 9

    E.    This Motion Is Timely ............................................................................ 12

CONCLUSION .................................................................................................... 14

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY THE CASE PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. CV 08-1341 JSW (EMC)

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ackerberg v. Johnson*, 892 F.2d 1328 (8th Cir. 1989) .................................................. 13

*Am. Heritage Life Ins. Co. v. Beasley*, 174 F. Supp. 2d 450 (N.D. Miss. 2001) ......................................................................................................................... 8

*Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231 (2d Cir. 2006) ................................. 4

*Arellano v. T-Mobile USA, Inc.*, No. C 10-05663 WHA, Dkt. No. 83 (N.D. Cal. May 16, 2011) ................................................................................................. 9, 11

*Arriaga v. Cross Country Bank*, 163 F. Supp. 2d 1189 (S.D. Cal. 2001) ................... 11

*AT&T Mobility v. Concepcion*, 131 S. Ct. 1740 (2011) ....................................... passim

*AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643 (1986) ...................... 5

*Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097 (C.D. Cal. 2002) ............................ 8

*Boston Telecom. Group, Inc. v. Deloitte Touche Tohmatsu*, 278 F. Supp. 2d 1041 (N.D. Cal. 2003) ........................................................................................ 7

*Britton v. Co-op Banking Group*, 4 F.3d 742 (9th Cir. 1993) ................................... 7

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006) ......................... 9, 10

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126 (9th Cir. 2000) ........... 5, 8

*Conestoga Title Ins. Co. v. Acoustic Home Loans, LLC*, No. 1:06-cv-1636-RLY-WTL, 2007 WL 1058228 (S.D. Ind. Apr. 5, 2007) ....................................... 6

*Conover v. Dean Witter Reynolds, Inc.*, 837 F.2d 867 (9th Cir. 1988) ...................... 13

*Cruz v. PacifiCare Health Sys., Inc.*, 66 P.3d 1157 (Cal. 2003) ........................... 9, 11

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985) ..................................... 5, 13

*Discover Bank v. Superior Court*, 113 P.3d 1100 (Cal. 2005) .............................. 1, 12

*Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996) ....................................... 9

*Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691 (9th Cir. 1986) ....................... 12, 13

*Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003) .................................................. 11

*Jonathan Browning, Inc. v. Venetian Casino Resort LLC*, No. C 07-03983
   JSW, 2008 WL 2397466 (N.D. Cal. June 11, 2008) ..................................... 5

*Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185 (9th Cir. 1986) ......................................... 13

*Lozano v. AT&T Wireless*, 216 F. Supp. 2d 1071 (C.D. Cal. 2002) ............................................ 11

*Madrigal v. AT&T Wireless Servs., Inc.*, No. 1:09-cv-0033-OWW-MJS,
   2010 WL 5343299 (E.D. Cal. Dec. 20, 2010) ..................................... 7

*Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995) ........................................ 9

*Mediterranean Enterprises Inc., v. Ssangyong Corp.*, 708 F.2d 1458 (9th
   Cir. 1983) .................................................................................. 8

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614
   (1985) ....................................................................................... 9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)........................... 5, 10

*O.N. Equity Sales Co. v. Cui*, No. C 07-02844 JSW, 2008 WL 170584
   (N.D. Cal. Jan. 17, 2008) ................................................................. 5

*Olivares v. Hispanic Broad. Corp.*, No. CV 00-00354-ER, 2001 WL
   477171 (C.D. Cal. Apr. 26, 2001) ..................................................... 13

*Perry v. Thomas*, 482 U.S. 483 (1987) .............................................................. 9, 10, 11

*Preston v. Ferrer*, 552 U.S. 346 (2008) ................................................................ 4, 10

*Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010) .................................... 7

*Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727 (9th Cir. 2006) ....................... 8

*Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999) ....................................... 4, 8

*Southland Corp. v. Keating,* 465 U.S. 1 (1984)........................................... 4, 9, 10, 11

*Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758 (2010)........................... 12

*Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327 (11th
   Cir. 2005) .................................................................................... 6

*Ting v. AT&T*, 319 F.3d 1126 (9th Cir. 2003) ...................................................... 11

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY THE
CASE PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. CV 08-1341 JSW (EMC)

*Totten v. R.G. Constr.*, No. C 02-04599 JSW, 2005 WL 3417328 (N.D.
    Cal. Dec. 13, 2005) ............................................................................... 5

*Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210 (5th Cir. 1993) ........................................... 8

*VISA USA, Inc. v. Maritz Inc.*, No. C 07-05585 JSW, 2008 WL 744832
    (N.D. Cal. Mar. 18, 2008) .................................................................... 6

*Zarandi v. Alliance Data Systems Corp.*, No. CV 10–8309 DSF (JCGx),
    2011 WL 1827228 (C.D. Cal. May 9, 2011) ...................................... 11

**Statutes**

9 U.S.C. § 2 ................................................................................................... 4

9 U.S.C. § 3 ................................................................................................... 4

9 U.S.C. § 4 ................................................................................................... 4

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY THE
CASE PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. CV 08-1341 JSW (EMC)

## NOTICE OF MOTION AND MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on July 1, 2011 at 9:00 a.m. or as soon thereafter as the matter may be heard, in the above captioned Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Fidelity National Title Insurance Company ("FNTIC"), Chicago Title Insurance Company ("Chicago"), Commonwealth Land Title Insurance Company ("Commonwealth"), First American Title Insurance Company ("First American"), and Old Republic National Title Insurance Company ("Old Republic") will, and hereby do, move to compel arbitration or, in the alternative, to stay the case pending arbitration.

The motion will be based on this notice of motion, the memorandum of points and authorities, the Declaration of Patrick T. Shilling ("Shilling Decl."), the Declaration of Evan S. Nadel ("Nadel Decl."), the Declaration of David G. Greene ("Greene Decl."), the complete record of this action, any argument that may be presented at the hearing on this motion, and all matters of which the Court may take judicial notice.

Dated:  May 18, 2011

SIMPSON THACHER & BARTLETT LLP
By:   _____/s/_____
         Barry R. Ostrager

*Additional Counsel Listed on Signature Page*

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY THE CASE PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. CV 08-1341 JSW (EMC)

## SUMMARY OF ARGUMENT

Defendants have incorporated their summary of argument into their brief.  *See infra* at page one.

## <u>STATEMENT OF THE ISSUE TO BE DECIDED</u>

Whether the Court should compel arbitration where Plaintiffs' title insurance policies include broad arbitration agreements?

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY THE CASE PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. CV 08-1341 JSW (EMC)

## SUMMARY OF ARGUMENT

Just weeks ago, the United States Supreme Court, overruling Ninth Circuit and California law, made Plaintiffs' claims subject to arbitration. Defendants thus now seek to exercise their contractual rights to have Plaintiffs' claims decided by an arbitrator.

Plaintiffs claim that they overpaid for title insurance purchased from Defendants because of alleged violations of California's Unfair Competition Law (the "UCL"). Each Plaintiff purchased at least one title insurance policy that contains an express agreement to arbitrate any disputes with Defendants. The arbitration agreements apply to claims "arising out of or relating to" the policies and "any matter in dispute" between Plaintiffs and Defendants. They also provide that disputes concerning the arbitrability of claims or the validity of the agreement to arbitrate shall be decided by the arbitrator. Courts enforce parties' agreements to delegate these gateway issues to arbitrators. Thus, any questions concerning arbitrability of Plaintiffs' claims or the validity of their agreements to arbitrate must be decided by the arbitrator.

The arbitration agreements also do not permit class arbitration. Prior to April 27, 2011, California law provided that arbitration agreements that do not permit class arbitration are unenforceable. *Discover Bank v. Superior Court*, 113 P.3d 1100 (Cal. 2005). As a result, Defendants did not move to compel arbitration earlier because it would have been futile. On April 27, the Supreme Court held in *AT&T Mobility v. Concepcion*, 131 S. Ct. 1740 (2011), that the Federal Arbitration Act (the "FAA") preempts California's *Discover Bank* rule and requires enforcement of arbitration agreements, even if they do not allow class arbitration, as is the case here. *Concepcion* changed the law in the Ninth Circuit and in California, and the arbitration agreements in Plaintiffs' title insurance policies are now enforceable. Thus, Defendants now move to compel arbitration or to stay the case pursuant to Sections 3 and 4 of the FAA.

### STATEMENT OF FACTS

Each Plaintiff purchased a title insurance policy that includes one of three broad arbitration clauses.  Each of these three clauses provides that disputes relating to the title insurance policies are subject to arbitration.

The first clause, agreed to by Plaintiffs Emilse Magana, Lisa Blackwell, Lisa Gentilcore, Sarah Yahn, and Ruben Romero in one or more policies, provides:

> If permitted in the state where the land is located You or We may demand arbitration.
>
> The arbitration shall be binding on both You and Us.  The arbitration shall decide *any matter in dispute between You and Us*.
>
> . . .
>
> The arbitration shall be under the Title Insurance Arbitration Rules of the American Arbitration Association.

Shilling Decl. Ex. A at 4 ¶ 11, Ex. B at 4 ¶ 11; Nadel Decl. Ex. A at 6 ¶ 11; Greene Decl. Ex. A at ORNTIC000011 ¶ 11 (emphases added).

The second clause, agreed to by Plaintiffs Luis and Silvia Martinez and Susan Doolittle in one or more policies, provides:

> If it is permitted in your state, you or the company may demand arbitration.
>
> The arbitration shall decide *any matter in dispute between you and the Company*.
>
> . . .
>
> The arbitration shall be under the Title Insurance Arbitration Rules of the American Arbitration Association.

Shilling Decl. Ex. C at 2 ¶ 8; Nadel Decl. Ex. D at 5 ¶ 8 (emphases added).

The third clause, agreed to by Plaintiffs Lynne Bartron, Mark Moynahan, Emilse Magana, Lisa Blackwell, Lisa Gentilcore, Susan Doolittle, Sarah Yahn, and Ruben Romero in one or more policies, provides in relevant part:

> Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. ***Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy***, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation.

Shilling Decl. Ex. D at FIDDEF-CA-00000505 ¶ 13, Ex. E at FIDDEF-CA-00000526 ¶ 13, Ex. F at Moynahan00017 ¶ 13, Ex. G at FIDDEF-CA-00001288 ¶ 13, Ex. H at FIDDEF-CA-00001303 ¶ 13, Ex. I at FIDDEF-CA-00000562 ¶ 13, Ex. J at 3 ¶ 8; Nadel Decl. Ex. B at 13 ¶ 13, Ex. C at 13 ¶ 13, Ex. E at 14 ¶ 13; Greene Decl. Ex. B at ORNTIC000029 ¶ 13 (emphases added). This clause goes on to provide that "arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured." *See, e.g.,* Nadel Decl. Ex. E at 14 ¶ 13. Only one policy with that clause, a policy issued by First American in connection with Plaintiff Doolittle's real estate transaction, provides insurance coverage in excess of $1,000,000. *Id.* In connection with the same real estate transaction, however, First American issued another policy to Doolittle in which she agreed to arbitration of "any matter in dispute between you and [First American]." Nadel Decl. Ex. D at 5 ¶ 8.

One of the policies issued by Defendant Commonwealth in connection with Plaintiff Blackwell's real estate transaction does not include an arbitration clause. In connection with the same transaction, however, Commonwealth issued another policy to Blackwell in which she agreed to arbitration of "any matter in dispute between [Blackwell] and [Commonwealth]." Shilling Decl. Ex. B at 4 ¶ 11.

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY THE CASE PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. CV 08-1341 JSW (EMC)

## ARGUMENT

The FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." 9 U.S.C. § 2.  Under Section 4 of the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.  "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  *Id.*

In addition, Section 3 of the FAA provides that

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3.

### A.   There Is A Strong National Policy Favoring Arbitration

Through the FAA, Congress "declare[d] a national policy favoring arbitration."  *Preston v. Ferrer*, 552 U.S. 346, 353 (2008) (*citing Southland Corp. v. Keating,* 465 U.S. 1, 2 (1984)); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (arbitration agreements "are to be rigorously enforced"); *see also Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006) ("[I]t is difficult to overstate the strong federal policy in favor of arbitration.").  As the Supreme Court just again recognized, it is "beyond dispute that the FAA was designed to promote arbitration."  *Concepcion*, 131 S. Ct. at 1749.

In accordance with this strong national policy, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also O.N. Equity Sales Co. v. Cui*, No. C 07-02844 JSW, 2008 WL 170584, at *2 (N.D. Cal. Jan. 17, 2008) (same). Indeed, courts should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986); *see also Totten v. R.G. Constr.*, No. C 02-04599 JSW, 2005 WL 3417328, at *2 (N.D. Cal. Dec. 13, 2005) (noting same).

In determining whether to compel arbitration under the FAA, courts consider "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *see also Jonathan Browning, Inc. v. Venetian Casino Resort LLC*, No. C 07-03983 JSW, 2008 WL 2397466, at *2 (N.D. Cal. June 11, 2008) ("[T]he Court's only role is to determine whether a valid arbitration agreement exists and whether the scope of the parties' dispute falls within that agreement."). Where both conditions are satisfied, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).

### B. The Arbitration Agreements Leave The Question Of Validity and Arbitrability To The Arbitrator

Each of the arbitration clauses in the title insurance policies at issue in this case provides that arbitrations will be conducted pursuant to the Title Insurance Arbitration Rules of the

American Arbitration Association (the "AAA").  The AAA has discontinued use of the Title

Insurance Arbitration Rules and agreements specifying that those rules are administered under

the AAA's Commercial Arbitration Rules.  *See Conestoga Title Ins. Co. v. Acoustic Home*

*Loans, LLC*, No. 1:06-cv-1636-RLY-WTL, 2007 WL 1058228, at *1 (S.D. Ind. Apr. 5, 2007)

("[T]he AAA advised the parties that the Title Insurance Arbitration Rules were discontinued as

of the date of the arbitration demand, and that any cases filed now calling for those rules would

be administered under the Commercial Arbitration Rules.") (internal quotation marks omitted).

Rule R-7(a) of the Commercial Arbitration Rules provides:  "The arbitrator shall have the

power to rule on his or her own jurisdiction, including any objections with respect to the

existence, scope or validity of the arbitration agreement."[1]  Am. Arbitration Ass'n, Commercial

Arbitration Rules, http://www.adr.org/sp.asp?id=22440#R7.  When an arbitration clause

"includes an agreement to follow a particular set of arbitration rules . . . that provide for the

arbitrator to decide questions of arbitrability, the presumption that courts decide arbitrability falls

away, and the issue is decided by the arbitrator."  *VISA USA, Inc. v. Maritz Inc.*, No. C 07-05585

JSW, 2008 WL 744832, at *4 (N.D. Cal. Mar. 18, 2008).  Thus, the validity of the arbitration

agreements in this case as well as the arbitrability of Plaintiffs' UCL claims are for the arbitrator

and not the Court to determine.  *Id.* at *5 ("By the explicit incorporation of the AAA rules, the

parties clearly and unmistakably agreed that questions of arbitrability would be submitted to

arbitration for resolution."); *see Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d

1327, 1332 (11th Cir. 2005) ("By incorporating the AAA Rules, including [Rule R-7(a)], into

---

[1]        Similarly, Rule 9 of the discontinued Title Insurance Arbitration Rules provided:  "[T]he arbitrator shall have the power pursuant to the pertinent rules in the Commercial Arbitration Rules to rule on his or her own jurisdiction."  Am. Arbitration Ass'n, Title Insurance Arbitration Rules, http://www.adr.org/sp.asp?id=22213.

their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid."); *see also Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010) (holding that an arbitration agreement provision providing that the arbitrator will determine validity of agreement was enforceable; "parties can agree to arbitrate 'gateway' questions of 'arbitrability'"); *accord Madrigal v. AT&T Wireless Servs., Inc.*, No. 1:09-cv-0033-OWW-MJS, 2010 WL 5343299 (E.D. Cal. Dec. 20, 2010).

### C.   The Broad Arbitration Agreements Encompass Plaintiffs' Claims

Even if questions of validity and scope of the arbitration agreements were not for the arbitrator to decide, the broad language of the agreements clearly encompass Plaintiffs' UCL claims. Although the precise language varies, each of the arbitration agreements provides for arbitration of (1) "*any matter in dispute*" between Plaintiffs and Defendants,[2] or (2) "*any controversy or claim* between the Company and the insured *arising out of or relating to this policy*, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation."[3]

The Ninth Circuit has noted that "arising out of or relating to" language in an arbitration agreement "is routinely used . . . to secure the broadest possible arbitration coverage," *Britton v. Co-op Banking Group*, 4 F.3d 742, 745 (9th Cir. 1993), and such language "contemplate[s] coverage of 'matters or claims independent of the contract or collateral thereto.'" *Boston*

---

[2]   *See* Shilling Decl. Ex. A at 4 ¶ 11, Ex. B at 4 ¶ 11, Ex. C at 2 ¶ 8; Nadel Decl. Ex. A at 6 ¶ 11, Ex. D at 5 ¶ 8; Greene Decl. Ex. A at ORNTIC000011 ¶ 11 (emphases added).

[3]   *See* Shilling Decl. Ex. D at FIDDEF-CA-00000505 ¶ 13, Ex. E at FIDDEF-CA-00000526 ¶ 13, Ex. F at Moynahan00017 ¶ 13, Ex. G at FIDDEF-CA-00001288 ¶ 13, Ex. H at FIDDEF-CA-00001303 ¶ 13, Ex. I at FIDDEF-CA-00000562 ¶ 13, Ex. J at 3 ¶ 8; Nadel Decl. Ex. B at 13 ¶ 13, Ex. C at 13 ¶ 13, Ex. E at 14 ¶ 13; Greene Decl. Ex. B at ORNTIC000029 at ¶ 13 (emphases added).

7

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY THE CASE PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. CV 08-1341 JSW (EMC)

*Telecom. Group, Inc. v. Deloitte Touche Tohmatsu*, 278 F. Supp. 2d 1041, 1046 (N.D. Cal. 2003) (quoting *Mediterranean Enterprises Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1463 (9th Cir. 1983)); *see also Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 732 (9th Cir. 2006) (broadly interpreting "arising out of or relating to" as used in the arbitration clause); *Chiron Corp.*, 207 F.3d at 1131 (describing as "broad and far reaching" arbitration clause using "arising out of or relating to" language); *Simula, Inc.*, 175 F.3d at 720 (giving broad coverage to "all disputes arising in connection with this [a]greement"); *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 213 n.2 (5th Cir. 1993) (when an arbitration clause calls for "any dispute 'relating to or arising out of' the agreement" to be arbitrated, the parties "intend the clause to reach all aspects of the relationship").

Here, Plaintiffs allege that Defendants' supposed violations of the UCL "caused Plaintiffs and the Class members to pay supra-competitive and artificially-inflated prices for title insurance." Second Am. Compl. (Dkt. No. 127) ¶¶ 276, 279. Such allegations fall neatly within the policies' arbitration clauses – *i.e.*, they constitute (1) a "matter in dispute" between Plaintiffs and Defendants; and (2) a "controversy or claim . . . arising out of or relating to" their title insurance policies. *Cf. Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1106 (C.D. Cal. 2002) (clause requiring arbitration of "any legal claim relating" to the contract encompassed claim that plaintiff "paid higher prices for services and equipment than they otherwise would have but for" alleged illegal conduct); *Am. Heritage Life Ins. Co. v. Beasley*, 174 F. Supp. 2d 450, 454-55 (N.D. Miss. 2001) (clause requiring arbitration of claims "arising from or relating to" agreement encompassed claim that plaintiffs paid inflated insurance rates). "Having made the bargain to arbitrate," Plaintiffs "should be held to it unless Congress itself has evinced an intention to

8

1    preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp.*

2    *v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

3    **D.    The Plaintiffs' UCL Injunction Claims Are Arbitrable**

4    Plaintiffs seek both restitution and injunctive relief under the UCL.  *See* Second Am.

5    Compl. (Dkt. No. 127) ¶¶ 277-80.  There can be no dispute that UCL claims seeking restitution

6    are arbitrable.  *See, e.g.*, *Cruz v. PacifiCare Health Sys., Inc.*, 66 P.3d 1157, 1166 (Cal. 2003).

7    Plaintiffs' UCL injunction claims are equally arbitrable.  While the California Supreme Court

8    held in *Cruz* that some UCL injunction claims are not arbitrable, *id.* at 1164-65, that holding is in

9    "unmistakable conflict" with the FAA and is thus preempted, *see Perry v. Thomas*, 482 U.S. 483,

10   490 (1987) (describing the "pre-emptive effect of the [FAA], a statute that embodies Congress'

11   intent to provide for the enforcement of arbitration agreements within the full reach of the

12   Commerce Clause"), as another Court in this District just recently held.  *Arellano v. T-Mobile*

13   *USA, Inc.*, No. C 10-05663 WHA, Dkt. No. 83 (N.D. Cal. May 16, 2011).

14

15   The United States Supreme Court has recognized Congress's "inten[t] to foreclose state

16   legislative attempts to undercut the enforceability of arbitration agreements."  *Southland,* 465

17   U.S. at 16; *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006)

18   (*Southland* "rejected the view that state law could bar enforcement of [the FAA]"); *Doctor's*

19   *Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) ("Congress precluded States from singling

20   out arbitration provisions for suspect status").  "[T]he FAA ensures that [the parties'] agreement

21   [to arbitrate] will be enforced according to its terms even if a rule of state law would otherwise

22   exclude such claims from arbitration."  *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S.

23   52, 58 (1995).  "When state law prohibits outright the arbitration of a particular type of claim, the

24   analysis is straightforward:  The conflicting rule is displaced by the FAA."  *Concepcion*, 131 S.

25

26

27                                              9

28

Ct. at 1747; *Southland*, 465 U.S. at 11 ("We see nothing in the [FAA] indicating that the broad principle of enforceability is subject to any additional limitations under State law.").  Thus, the Supreme Court has "rejected the proposition that the enforceability of [an] arbitration agreement turn[s] on the state legislature's judgment concerning the forum for enforcement of [a] state-law cause of action," even when the state considers it a matter of "public policy."  *Buckeye Check Cashing*, 546 U.S. at 446 (internal quotation marks omitted).  Indeed, the FAA's policy in favor of arbitration applies "notwithstanding any state substantive or procedural policies to the contrary," *Moses H. Cone*, 460 U.S. at 24, and "[s]tates cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons."  *Concepcion*, 131 S. Ct. at 1753.

The Supreme Court has repeatedly and rigorously enforced the supremacy of the FAA when states attempt to channel claims away from arbitration.  Just recently, when California attempted to require that certain claims be handled initially by an administrative agency notwithstanding an agreement to arbitrate, the Supreme Court held that, "when parties agree to arbitrate all questions arising under a contract, state laws lodging primary jurisdiction in another forum, *whether juridical or administrative*, are superseded by the FAA."  *Preston,* 552 U.S. at 349-350 (emphasis added); *see also Perry*, 482 U.S. at 491 (California's "requirement that litigants be provided a judicial forum for resolving wage disputes" was in "unmistakable conflict" with the FAA); *Southland*, 465 U.S. at 16 (California's rule rendering claims under its Franchise Investment Law non-arbitrable "violates the Supremacy Clause").

The holding in *Cruz* precluding arbitration of UCL injunction claims clearly conflicts with the FAA's policy in favor of liberal enforcement of arbitration agreements and the Supreme Court's repeated recognition that states cannot direct that some claims must be heard in a judicial

forum.  For this reason, Judge Alsup just this week granted a motion to compel arbitration of UCL injunction claims, holding that the FAA "preempts California's preclusion of public injunctive relief claims from arbitration."  *Arellano*, No. C 10-05663 WHA, Dkt. No. 83 at 2; *see also Zarandi v. Alliance Data Systems Corp.*, No. CV 10–8309 DSF (JCGx), 2011 WL 1827228, at *2 (C.D. Cal. May 9, 2011) ("The Court also rejects the request to bifurcate the claims seeking injunctive relief because the FAA preempts state law to the extent it prohibits arbitration of a particular type of claim.").  As another California district court held in an order compelling arbitration of a UCL injunction claim:

> If it were enough for a state legislature to declare, through the nature of the remedies it offers in a statute, that it did not wish to have certain claims subjected to arbitration, states would essentially be allowed to undercut the FAA in an area in which Congress is supreme . . . .

*Arriaga v. Cross Country Bank*, 163 F. Supp. 2d 1189, 1199 (S.D. Cal. 2001); *accord Lozano v. AT&T Wireless*, 216 F. Supp. 2d 1071, 1076 (C.D. Cal. 2002)*, vacated on other grounds,* No. CV02-00090WJRAJWX, 2003 WL 25548566, at *5 (C.D. Cal. Aug 18, 2003).[4]  California has attempted to "prohibit[] outright the arbitration of a particular type of claim," and thus "the analysis is straightforward."  *Concepcion,* 131 S. Ct. at 1747.  Accordingly, the California Supreme Court's holding in *Cruz* "must give way to" the FAA.  *See Perry*, 482 U.S. at 491 (holding that a California statute requiring a judicial forum "must give way" under the Supremacy Clause); *see also Southland*, 465 U.S. at 10 (the FAA "withdrew the power of states to require a judicial forum for the resolution of claims which the contracting parties agreed to

---

[4]     The Ninth Circuit disapproved of *Arriaga* in *Ting v. AT&T*, 319 F.3d 1126, 1150 n.14 (9th Cir. 2003), and in *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1176 n.15 (9th Cir. 2003), because the arbitration agreement in *Arriaga* did not permit class arbitration. Similarly, *Lozano* was vacated because the arbitration agreement did not permit class arbitrations.  The Supreme Court in *Concepcion* has now rejected the Ninth Circuit's view that class arbitration must be permitted.

resolve by arbitration"). Thus, Plaintiffs' UCL claims are arbitrable, regardless of the relief they seek.

### E.     This Motion Is Timely

This motion is timely because it was filed shortly after and in response to the United States Supreme Court's April 27 decision in *Concepcion*, 131 S. Ct. 1740, which abrogated California law that was in existence well before this litigation was commenced. Since at least the 2005 California Supreme Court decision in *Discover Bank v. Superior Court*, 113 P.3d 1100, California courts declared arbitration agreements, like the clauses in Plaintiffs' policies,[5] that do not provide for class-wide arbitration to be unenforceable. However, following *Concepcion*, California may no longer require that arbitration agreements subject to the FAA provide for class arbitration. *Concepcion*, 131 S. Ct. at 1748 ("Requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA."). Accordingly, until very recently, existing California law would have made a motion to compel arbitration a futile gesture in this case.

The Ninth Circuit has long held that "waiver of the right to arbitration is disfavored" and that "[a]ny examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). A motion to compel arbitration is timely – even when filed *years* after the litigation was commenced – if a Supreme Court decision changes the law governing the arbitrability of the dispute at issue after the

---

[5]     The arbitration clauses in Plaintiffs' policies are silent as to class arbitration and, thus do not permit class arbitration. *See Stolt-Nielsen SA v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1776 (2010) ("[I]t cannot be presumed the parties consented to [class arbitration] by simply agreeing to submit their disputes to an arbitrator.").

12

litigation was commenced.  For example, in *Fisher*, the Ninth Circuit found no waiver when

defendants' motion to compel arbitration was made almost four years after the litigation was

filed and after pretrial motions and "extensive discovery" but shortly after the Supreme Court's

decision in *Byrd*, 470 U.S. 213, repudiating then existing law which held that section 10(b)

securities law claims were non-arbitrable.  *Fisher*, 791 F.2d at 697; *see also Conover v. Dean

Witter Reynolds, Inc.*, 837 F.2d 867, 868 (9th Cir. 1988) (holding that a two-year delay in filing a

motion to compel arbitration was not a waiver because "[a]n earlier motion to compel would

have been futile"); *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1186-87 (9th Cir. 1986)

(finding no waiver where a change in Supreme Court law nearly two years into the litigation and

after the close of discovery because "there could be no waiver here because there was no existing

right to arbitration"); *Olivares v. Hispanic Broad. Corp.*, No. CV 00-00354-ER, 2001 WL

477171, at *1 (C.D. Cal. Apr. 26, 2001) ("Defendant's delayed filing of its motion to compel

until now does not constitute a waiver because it was the first opportunity for Defendant to file

such a motion."); *accord Ackerberg v. Johnson*, 892 F.2d 1328, 1332-33 (8th Cir. 1989)

(collecting cases finding no waiver when a motion to compel arbitration was filed after a change

in law as to the arbitrability of claims).

   Just as in *Fisher* and the other cases cited above, there could have been no waiver as there

has been a change of law that now makes this case arbitrable.  Thus, by moving to compel

arbitration and stay this case promptly after *Concepcion*, Defendants have timely moved to

compel arbitration.

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY THE
CASE PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. CV 08-1341 JSW (EMC)

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court compel arbitration of Plaintiffs' UCL claims or, in the alternative, stay the case pending arbitration.

Dated:  May 18, 2011                                    Respectfully submitted,


                                                        SIMPSON THACHER & BARTLETT LLP

                                                        By:    /s/

                                                        Barry R. Ostrager (CA Bar No. 183770)
                                                        Kevin J. Arquit
                                                        Patrick T. Shilling
                                                        425 Lexington Avenue
                                                        New York, NY 10017
                                                        Telephone: (212) 455-2000
                                                        Facsimile: (212) 455-2502
                                                        bostrager@stblaw.com
                                                        karquit@stblaw.com
                                                        pshilling@stblaw.com

                                                        Eric P. Early (CA Bar No. 166275)
                                                        Bryan M. Sullivan (CA Bar No. 209743)
                                                        EARLY SULLIVAN WRIGHT GIZER &
                                                        MCRAE LLP
                                                        6420 Wilshire Boulevard, Suite 880
                                                        Los Angeles, California 90048
                                                        Telephone: (323) 301-4675
                                                        Facsimile: (323) 301-4676
                                                        eearly@earlysullivan.com
                                                        bsullivan@earlysullivan.com

                                                        *Attorneys for Fidelity National Title*
                                                        *Insurance Company, Chicago Title Insurance*
                                                        *Company, and Commonwealth Land Title*
                                                        *Insurance Company*

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO STAY THE
CASE PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. CV 08-1341 JSW (EMC)

GREENBERG TRAURIG, LLP


By: ___/s/_____

Kenneth L. Steinthal (CA Bar No. 268655)
Evan S. Nadel (CA Bar No. 213230)
153 Townsend Street, 8th Floor
San Francisco, CA 94107
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
steinthalk@gtlaw.com
nadele@gtlaw.com

*Attorneys for Defendant First American Title
Insurance Company*


LOCKE LORD BISSELL & LIDDELL LLP


By: ___/s/_____
David G. Greene
Kevin J. Walsh
3 World Financial Center
New York, NY 10281-2101
Telephone:    (212) 415-8600
Facsimile:    (212) 303-2754

Mitchell J. Popham (CA Bar No. 126194)
300 S. Grand, Suite 800
Los Angeles, CA 90071-3119
Telephone:    (213) 485-1500
Facsimile:    (213) 485-1200

*Attorneys for Defendant Old Republic National
Title Insurance Company*

15