IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CALIFORNIA TITLE INSURANCE ANTITRUST LITIGATION | No. 08-01341 JSW |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **ORDER RE MOTION FOR CLARIFICATION OF ARBITRATION ORDER** |
| / | |

The Court has considered Defendant First American Title Insurance Company ("Defendant")'s motion to compel or clarify the Court's former arbitration order.

The Court has determined that implicit in its order dated June 27, 2011 was the prescription that Plaintiffs must pursue their claims in arbitration on an individual basis. The Court found that Defendant had not waived the right to arbitrate because the arbitration clauses in the operative title insurance policies for each real estate transaction – which were silent as to whether class-action arbitration was permissible – would not have been enforceable under California law prior to the decision in *AT&T v. Concepcion*, 131 S. Ct. 1740 (2011). The matter was stayed pending the result of the arbitration proceedings.

Under the Federal Arbitration Act ("FAA"), "a party to an arbitration agreement may petition the United States district court for an order directing that 'arbitration proceed in the manner provided for in the agreement.'" *Stolt-Nielsen v. AnimalFeeds International Corp.*, 130 S. Ct. 1758, 1773 (2010) (citing 9 U.S.C. § 4). The FAA "imposes certain rules of

fundamental importance, including the basic contractual precept that arbitration 'is a matter of consent, not coercion.'" *Id.* (citing *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)).

In *Stolt-Nielsen*, the Supreme Court considered an arbitration clause that was silent as to whether the arbitration proceedings could be conducted on a class basis, meaning, according to the parties' stipulation, that "'no agreement ... ha[d] been reached on that issue.'" *Id.* at 1766. The Court concluded that because there was no agreement on arbitration on a class basis, the courts had no authority to compel arbitration on that basis. It noted that whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must "give effect to the contractual rights and expectations of the parties." *Id.* at 1773-74 (quoting *Volt,* 489 U.S. at 479) (other internal quotation marks omitted). In this endeavor, as with any other contract, the parties' intentions control.

The Supreme Court in *Stolt-Nielsen* reiterated that "[a]rbitration is simply a matter of contract *between the parties*; it is a way to resolve those disputes-but only those disputes-that *the parties* have agreed to submit to arbitration." *Id*. at 1774 (quoting *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943 (1995) (emphases in *Stolt-Nielsen* )), and reiterated that the courts "must not lose sight of the purpose of the exercise: to give effect to the intent of the parties." *Id.* at 1774-75 (citing *Volt,* 489 U.S. at 479). The Court stated that "'[n]othing in the [FAA] authorizes a court to compel arbitration of any issues, *or by any parties,* that are not already covered in the agreement.'" *Id.* at 1774 (quoting *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 289 (2002) (emphasis in *Stolt-Nielsen* )), and therefore party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id.* at 1775 (emphasis in original).[1]

---

[1] *Accord Fensterstock v. Education Finance Partners,* 611 F.3d 124, 140-41 (2d Cir. 2010). *See also, e.g., Reed v. Florida Metropolitan University, Inc.*, 681 F.3d 630, 641 (5th Cir. 2012); *Corrigan v. Domestic Linen Supply Co.*, 2012 WL 2977262, at *5 (N.D. Ill. July 20, 2012); *Eshagh v. Terminix International Co.*, 2012 WL 1669416, at *10 (E.D. Cal. May 11, 2012); *Lopez v. Ace Cash Express, Inc.,* 2012 WL 1655720, at *8 (C.D. Cal. May 4, 2012); *Valle v. Lowe's HIW, Inc.*, 2011 WL 3667441, at *6 (N.D. Cal. Aug. 22, 2011); *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 909 (N.D. Cal. 2011); *Quinonez v. Empire Today, LLC*, 2010 WL 4569873, at *5 (N.D. Cal. Nov. 4, 2010).

Accordingly, in the absence of a contractual agreement to submit to class-wide arbitration, this Court finds that the parties to the operative title insurance policies cannot be compelled to arbitrate in a fashion they have failed to agree upon. Therefore, in order to advance the parties' efficient resolution of this matter, and considering the time pressure facing the parties, the Court issues this brief order of clarification of its previous order compelling arbitration on an individual basis and staying the action pending completion of such arbitration or settlement of the action.

**IT IS SO ORDERED.**

Dated: December 3, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

Case3:08-cv-01341-JSW   Document248   Filed12/03/12   Page4 of 4